IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>GOOD OFFICES TECHNOLOGY PARTNERS, LLC and GOODMART LLC,<br><br>                    Defendants. | CIVIL ACTION NO.: |

## COMPLAINT AND JURY DEMAND

Plaintiff Photographic Illustrators Corporation ("PIC" or "Plaintiff") brings this civil

action against Good Offices Technology Partners, LLC and GoodMart LLC (collectively,

"GoodMart").

## THE PARTIES

1.      PIC is a Massachusetts corporation with a place of business at 467 Sagamore

Street, Hamilton, Massachusetts 01936.

2.      On information and belief, Good Offices Technology Partners, LLC is a New

York limited liability company having an address at 232 Madison Avenue, 3rd Floor, New York,

NY 10016.

3.      On information and belief, GoodMart LLC is a New York limited liability

company having an address at 232 Madison Avenue, 3rd Floor, New York, NY 10016.

## JURISDICTION AND VENUE

4.      This is a civil action for injunctive relief and damages for violation of the copyright laws of the United States, 17 U.S.C. §§ 101, et seq.; the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, et seq.; and for unfair and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.  Jurisdiction over the state law claim is proper under 28 U.S.C. § 1367.

5.      The amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

6.      GoodMart does business in Massachusetts.

7.      GoodMart operates a commercial website (goodmart.com).

8.      GoodMart's website is accessible from Massachusetts.

9.      Through its website, GoodMart advertises, sells, and offers for sale lighting products to online visitors, including online visitors located in Massachusetts, and invites visitors to its website to create online accounts.

10.     GoodMart does not exclude Massachusetts consumers from visiting, interacting with, or making purchases through its website.

11.     This Court has personal jurisdiction over GoodMart because GoodMart: has transacted business in Massachusetts; has contracted to supply products and/or services in Massachusetts; and has injured PIC in Massachusetts by reproducing and distributing PIC's copyrighted images on GoodMart's website (which can be accessed in Massachusetts) to advertise and sell products.

12.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

## PIC'S COPYRIGHTED IMAGES

13.     PIC specializes in photography, including photography of consumer products for catalogs, advertising, and product packaging.

14.     Over a span of years dating back to the 1960s, various companies, including Osram Sylvania, Inc. ("Sylvania"), have retained PIC to photograph certain of their products.

15.     PIC authored the 143 photographic images referenced in this Complaint (the "PIC Images") (attached as Exhibit A).

16.     Each of the PIC Images is a photograph of a Sylvania product that PIC created.

17.     PIC retains ownership of all right, title, and interest in the copyrights for the PIC Images.

18.     All of the PIC Images were made the subject of applications which matured into United States Copyright Registration Certificate Nos. VA 1-321-513; VA 1-325-168; VA 1-325-169; VA 1-359-243; VA 1-359-244; VA 1-867-245; VA 1-916-450; VA 1-916-449; VA 1-916-448; VA 1-916-447; VA 1-916-443; VA 1-916-415; VA 1-916-456; VA 1-916-453; VA 1-916-451; VA 1-880-539; VA 1-917-105; VA 1-917-100; VA 1-917-078; VA 1-917-076; VA 1-917-096; VA 1-917-094; VA 1-917-085; VA 1-917-079; VA 1-916-412; VA 1-917-073; VA 1-917-063; VA 1-917-106; VA 1-916-402; VA 1-916-404; VA 1-945-513; VA 1-945-524; VA 1-945-516 (attached as Exhibit B).

19.     GoodMart's infringement of the copyright in each PIC Image began after PIC's first publication of that PIC Image.

20.     Before publishing the PIC Images, PIC attaches, or includes therewith, the name of the author (Paul Kevin Picone), copyright owner (P.I. Corp.), and copyright notice (collectively, "PIC Copyright Management Information"), as shown in the examples below:



21.     PIC followed this practice when providing its images to Sylvania, including for the PIC Images.

22.     For example, PIC provided to Sylvania the PIC Image entitled "FO96_HO_ECO_layered.tif" with PIC Copyright Management Information attached or included therewith, as shown below.  This PIC Image was registered with the Copyright Office on June 21, 2013 (Reg. No. VA 1-917-096).



FO96_HO_ECO_layered.tif

23.     Sylvania at least sometimes uses PIC Copyright Management Information on images authored by PIC, as shown in Exhibit C.

24.     For example, a copy of the same PIC Image identified in paragraph 22 appears with the PIC Copyright Management Information on Sylvania's Product Information Bulletin, shown below.  *See* Exhibit C-12.

**Sylvania's Copy of PIC Image with the PIC Copyright Management Information**

Product Information Bulletin

# OCTRON® HO/ECOLOGIC®
T8 Fluorescent Lamps



- OCTRON T8 High Output ECOLOGIC® Lamps
  - Designed to pass the Federal TCLP test[1]
  - Energy saving alternative to T12 HO lamps and magnetic ballasts
- 50% longer lamp life than T12 HO lamps
  - 18,000 hours vs 12,000 hours average rated life
- 94% Lumen Maintenance
- 3500K and 4100K Color Temperatures
- CRI:
  - 700 Series: 78
  - 800 Series: 85
- Recessed Double Contact bases
- Operate on the QUICKTRONIC® ballasts
- QUICK 60+® System Warranty

SYLVANIA OCTRON HO/ECOLOGIC fluorescent lamps are designed to pass the Federal Toxicity Characteristic Leaching Procedure (TCLP)[2] criteria for classification as non-hazardous waste in most states.[2]



1. TCLP test results are based on NEMA LL Series and are available on request.

2. Lamp disposal regulations may vary; check your local & state regulations.

**The OCTRON High Output ECOLOGIC® lamps and energy efficient electronic ballasts can be used instead of T12 HO lamps and ballasts to reduce power consumption.** For example, retrofitting from F96T12/CW/SS on energy saving magnetic ballasts saves 13% of the total power. The 50% longer lamp life and improved lumen maintenance of the OCTRON HO/ECO lamps can result in extended group re-lamping cycles, reduced re-lamp costs as well as reduced lamp disposal costs.

When OCTRON HO/ECO lamps are operated by QUICKTRONIC electronic ballasts, the QUICK 60+ System Warranty covers both lamps and ballasts.

These lamps pass the Federal TCLP test, classifying them as non-hazardous waste in most states.

## Product Availability

| Lamp | Wattage | Initial Lumens | CRI | Avg. Rated Life (hrs.) |
|---|---|---|---|---|
| F096/700/HO/ECO | 86 | 8000 | 78 | 18,000 |
| F096/800/HO/ECO | 86 | 8200 | 85 | 18,000 |

## Application Information

| Applications | |
|---|---|
| Industrial | Warehousing/Storage |
| Retail | Recreation |
| Signage | Refrigeration Cases |

**Replacement Options**

Retrofit for 8' T12 HO lamps with a ballast change.

**Fixtures**

Contact your local fixture agent for available fixtures.

**Ballast Information**

Contact your OSRAM SYLVANIA representative for a list of compatible electronic operating systems.

**Application Notes**

1. If retrofitting T12/HO system, socket change recommended, but not required.

2. Minimum starting temperature dependent on ballast.

3. Operation below 50°F may affect lumen output or lamp operation.

4. For cold temperature applications, use in enclosed fixture or use tube guards to maximize lamp performance.



SEE THE WORLD IN A NEW LIGHT 

FL068R1

25.     When Sylvania provides copies of images authored by PIC to its distributors, it at least sometimes does so with PIC Copyright Management Information attached or included therewith, as demonstrated by the presence of PIC Copyright Management Information on or associated with images used by those distributors in Exhibit D.

26.     For example, a copy of the same PIC Image identified in paragraph 22 appears with the PIC Copyright Management Information on the webpage of a Sylvania distributor shown below.  *See* Exhibit D-6.

**Sylvania Distributor's Copy of PIC Image
with the PIC Copyright Management Information**



## GOODMART'S UNAUTHORIZED ALTERATION AND USE OF PIC IMAGES

27.     At least 174 webpages from GoodMart's website, goodmart.com (see Exhibit E),

display or displayed a partial or whole copy of one of the PIC Images ("Accused Images").

28.     Each of the captured webpages in Exhibit E is owned and operated by GoodMart.

29.     Each of the captured webpages in Exhibit E includes or included an Accused

Image.

30.     GoodMart possesses copies of images authored by PIC, including at least some of

the PIC Images, with PIC Copyright Management Information attached.

31.     For example, in the table below, a copy of the PIC Image entitled "LINEARLight

Connector_02.jpg" – which was registered with the Copyright Office on May 30, 2006 (Reg. No.

VA 1-359-243) – appears on a webpage of GoodMart's website with the PIC Copyright

Management Information.



32.     Each of the captured GoodMart webpages in Exhibit E includes or included an Accused Image without the PIC Copyright Management Information.

33.     For example, in the table below, the same PIC Image identified in paragraph 22 is shown on the top left.  The image on the top right, an altered copy of the PIC Image without the PIC Copyright Management Information, appears on a webpage of GoodMart's website pictured in the second row.

| PIC Image | Accused Image (GoodMart's Infringing Copy) |
|---|---|
|  | |

FO96_HO_ECO_layered.tif

http://www.goodmart.com/products/sylvania-fo96-835-ho-eco-22206.htm

34.     Thus, even though PIC provides PIC Images to Sylvania with the PIC Copyright Management Information, and even though Sylvania at least sometimes uses PIC Images with the PIC Copyright Management Information, and even though Sylvania at least sometimes distributes PIC Images with the PIC Copyright Management Information, and even though GoodMart has (or had) copies of PIC Images with the PIC Copyright Management Information, GoodMart nevertheless displays or displayed PIC Images on GoodMart's website without the PIC Copyright Management Information.

35.     On information and belief, GoodMart removed PIC Copyright Management Information from at least some of the PIC Images.

36.     On information and belief, GoodMart otherwise altered copies of the PIC Images. The PIC images were altered using image editing software, such as "Adobe Photoshop." PIC's unique orientation of the products, the location of the shadows and reflections, and the pattern of the background are visible in multiple Accused Images despite GoodMart's removal of other products from the PIC Images or other attempts to change the PIC Images. Vestiges of these unique elements in the PIC Images are visible in multiple Accused Images, despite unsuccessful attempts by GoodMart to remove them.

37.     Some of the captured GoodMart webpages in Exhibit E display or displayed the Accused Images without Sylvania etching on the product.

38.     For example, in the table below, the PIC Image entitled "29116 13w minitwist.tif" and registered with the Copyright Office on January 8, 2013 (Reg. No. VA 1-916-447) is shown on the top left. The image on the top right, an altered copy of the PIC Image which appears on the GoodMart website, lacks both a Sylvania etching and the PIC Copyright Management Information.

| PIC Image | Accused Image (GoodMart's Infringing Copy) |
|---|---|



*Etching appears to have been removed using a digital "smudge" tool.*

29116 13w minitwist.tif

http://www.goodmart.com/products/halco-lighting-cfl5-41-45016.htm

39.     Some of the captured webpages in Exhibit E use or used Accused Images to advertise products of companies other than Sylvania.

40.     For example, in the table shown in paragraph 38, the image on the top right, an altered copy of a PIC Image, is used to advertise a non-Sylvania product on the webpage of GoodMart's website pictured in the second row.

41.     PIC did not provide any PIC Images to GoodMart.

42.     PIC did not provide the Accused Images to GoodMart.

43.     PIC never authorized GoodMart to use the Accused Images.

44.     Sylvania never authorized GoodMart to use Accused Images without the Sylvania etchings.

45.     Sylvania never authorized GoodMart to use Accused Images to advertise products of companies other than Sylvania.

46.     Sylvania never authorized GoodMart to use the Accused Images without PIC Copyright Management Information.

47.     GoodMart has copied, distributed, and/or used—and continues to copy, distribute, and/or use—the Accused Images, at least on its website, to advertise and sell products.

48.     GoodMart has never been, and is not currently, licensed or otherwise authorized by PIC to copy, distribute, and/or use the Accused Images.

49.     GoodMart has never been, and is not currently, licensed by Sylvania to copy, distribute, and/or use the Accused Images, let alone to do so without the PIC Copyright Management Information, to do so without Sylvania etchings, or to advertise non-Sylvania products.

## DAMAGE TO PIC'S BUSINESS AND REPUTATION

50.     PIC's photography services and images enjoy an excellent reputation and have gained great value and recognition in the marketplace.

51.     For over three decades PIC has done business under the PIC name and has used the name of PIC's President, Paul Kevin Picone, in connection with PIC's services.  Through PIC's longstanding practice of attaching to each published PIC Image, or including therewith, the names "P.I. Corp." and "Paul Kevin Picone," consumers have come to associate these names with high-quality photography.  PIC thus has common law trademark rights in the P.I. CORP. and PAUL KEVIN PICONE marks ("PIC Marks").

52.     PIC relies on the PIC Marks and Copyright Management Information that it attaches to each of its images, or includes therewith, as its primary mode of advertising. Potential customers seek out and contact PIC using this information.

53.     PIC is not affiliated with GoodMart and has not approved GoodMart's use of or alterations to PIC Images.

54.     By removing the PIC Marks and Copyright Management Information from the PIC Images, GoodMart has removed PIC's primary advertisement vector, thereby depriving PIC of business opportunities.

### COUNT I
### (Copyright Infringement, 17 U.S.C. § 501)

55.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

56.     GoodMart has infringed PIC's copyrights in the PIC Images, in violation of 17 U.S.C. § 501, by copying, distributing, and/or using PIC Images without license or other authorization.

57.     GoodMart's infringement has been knowing and willful.

58.     GoodMart's infringement has damaged PIC in an amount to be proven at trial.

59.     Unless stopped by an injunction, GoodMart will continue infringing PIC's

copyrights in its PIC Images and will cause PIC to suffer irreparable harm for which there is no

adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

## COUNT II
### (Integrity of Copyright Management Information, 17 U.S.C. § 1202)

60.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully

set forth herein.

61.     On information and belief, GoodMart intentionally removed or altered PIC

Copyright Management Information for the PIC Images without PIC's authorization, and/or

distributed copyright management information with knowledge that the PIC Copyright

Management Information was removed or altered without PIC's authorization, in violation of 17

U.S.C. § 1202(b).

62.     On information and belief, GoodMart's violations of 17 U.S.C. § 1202 have been

knowing and willful.

63.     GoodMart's violations of 17 U.S.C. § 1202 have damaged PIC in an amount to be

proven at trial.

64.     Unless stopped by an injunction, GoodMart's behavior will continue and will

cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore,

PIC is entitled to injunctive relief.

## COUNT III
### (Unfair And Deceptive Trade Practices, Mass. Gen. L. ch. 93A)

65.     PIC repeats and re-alleges the allegations of the paragraphs above as though fully

set forth herein.

66.     GoodMart is, and at all relevant times has been, engaged in commerce.

67.     GoodMart's acts and/or omissions as described above (and the center of gravity of those acts and/or omissions) occurred primarily and substantially in Massachusetts.

68.     GoodMart's acts and/or omissions as described above constitute unfair and deceptive trade practices under Mass. Gen. L. Ch. 93A.

69.     GoodMart's unfair and deceptive trade practices impact the public interest by causing consumer confusion.

70.     GoodMart's acts and/or omissions as described above were knowing and willful.

71.     GoodMart's unfair and deceptive trade practices damaged PIC in an amount to be determined at trial.

72.     Unless stopped by an injunction, GoodMart's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law.  Therefore, PIC is entitled to injunctive relief.

## RELIEF REQUESTED

WHEREFORE, PIC requests that this Court:

A.     Enter judgment that the Court has jurisdiction over the parties to and subject matter of this action.

B.     Enter judgment that GoodMart has infringed and continues to infringe PIC's copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 501.

C.     Permanently enjoin GoodMart, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from further infringement of the copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 502.

D.      Order the recall, impounding, and destruction of all infringing copies made, used or distributed by GoodMart in violation of PIC's exclusive rights in and to its PIC Images (and, in the case of electronic copies, order that all such copies be deleted from the computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503.

E.      Direct GoodMart to pay to PIC its actual damages and any additional profits realized by GoodMart, pursuant to 17 U.S.C. § 504.

F.      Order that, in the alternative to actual copyright damages, at PIC's election, GoodMart shall pay PIC statutory damages pursuant to 17 U.S.C. § 504.

G.      Enter judgment that GoodMart has violated and continues to violate the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1202.

H.      Permanently enjoin GoodMart, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from further violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(1).

I.      Order the impounding of all devices or products in the custody or control of GoodMart that were involved in the violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(2).

J.      Direct GoodMart to pay to PIC its actual damages and any additional profits realized by GoodMart, pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(A), and 1203(c)(2).

K.      Order that, in the alternative to actual damages, at PIC's election, GoodMart shall pay PIC statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(B), and 1203(c)(3)(B).

      L.      Enter judgment that GoodMart has engaged and continues to engage in unfair and deceptive trade practices in violation of Mass. Gen. L. Ch. 93A.

      M.      Direct GoodMart to pay to PIC its damages sustained as a result of GoodMart's unfair and deceptive trade practices.

      N.      Permanently enjoin GoodMart, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from committing further unfair and deceptive trade practices, pursuant to Mass. Gen. L. Ch. 93A.

      O.      Enter judgment that GoodMart's copyright infringements and unfair and deceptive trade practices have been knowing and willful.

      P.      Enter judgment that GoodMart's 17 U.S.C. § 1202(b) violations of the Digital Millennium Copyright Act have been knowing and intentional.

      Q.      Order GoodMart to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction.

      R.      Award PIC its legal fees and costs in prosecuting this action, pursuant to 17 U.S.C. §§ 505, 1203(b)(5); Mass. Gen. L. ch. 93A, or other applicable law.

      S.      Award PIC treble damages pursuant to Mass. Gen. L. Ch. 93A or other applicable law.

      T.      Award PIC such further relief as this Court may deem just and proper.

## JURY DEMAND

PIC hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS
CORPORATION,

By its counsel,

Dated: October 16, 2015

*/s/ Michael N. Rader*
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
Turhan F. Sarwar, BBO # 686764
tsarwar@wolfgreenfield.com
Joshua J. Miller, BBO # 685101
jmiller@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel:  (617) 646-8000
Fax: (617) 646-8646